J-A19028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PETER GRENINGER AND CATHERINE GRENINGER, HIS WIFE,<br><br>     Appellants<br><br>     v.<br><br>LEANNE LISIEN,<br><br>     Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br>No. 1798 WDA 2013 |

Appeal from the Judgment Entered October 24, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 11-19083

BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:      **FILED AUGUST 22, 2014**

Appellants, Peter and Catherine Greninger, appeal from the judgment entered in favor of Leanne Lisien ("Lisien") on October 24, 2013.  We affirm.

The trial court accurately summarized the factual background of this case as follows:

> This matter arises from a claim for personal injuries allegedly suffered by Peter Greninger as the result of a collision between a bicycle ridden by [Peter] Greninger and a motor vehicle operated by [] Lisien on Forbes Avenue in Pittsburgh, Allegheny County, Pennsylvania, on October 20, 2009 at approximately 7:00 p.m. At that time and place, [Peter] Greninger was a bicyclist travelling eastbound on Forbes Avenue near its intersection with Dallas Avenue.  At that location Forbes Avenue is a four lane roadway, with two lanes of travel in each direction.  The intersection of Forbes Avenue and Dallas Avenue is a four-way intersection controlled by a traffic light.
>
> As the same time, date, and location, [] Lisien was operating her motor vehicle in a westerly direction on Forbes Avenue.  [] Lisien

---

* Former Justice specially assigned to the Superior Court.

executed a left-hand turn from Forbes Avenue onto Dallas Avenue. That turn resulted in a collision between [] Lisien's vehicle and [Peter] Greninger on his bicycle. [Peter] Greninger averred that, as a result of that collision, he sustained multiple injuries, including fractures to the bones around his left eye.

Trial Court Opinion, 1/21/14, at 1-2.

The procedural history of this case is as follows. On September 19, 2011, Appellants commenced this action via a writ of summons. On October 25, 2011, Appellants filed a complaint in which they alleged that Lisien negligently caused the above described collision. Trial commenced on November 29, 2012. The jury was instructed that it should find Lisien negligent if it concluded that she had violated 75 Pa.C.S.A. § 3322, which imposes on a driver who intends to make a left turn a duty to yield the right-of-way to an oncoming vehicle which is so close as to pose a collision hazard when the turn is executed. On December 3, 2012, the jury returned a verdict in favor of Lisien. On December 11, 2012, Appellants filed a post-trial motion. On October 24, 2013, judgment was entered in favor of Lisien pursuant to Pennsylvania Rule of Civil Procedure 227.4.[1] This timely appeal followed.[2]

---

[1] The rule provides, in relevant part, "that the prothonotary shall, upon praecipe of a party[ ] enter judgment upon . . . the verdict of a jury . . . if . . . one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within [120] days after the filing of the first motion." Pa.R.C.P. 227.4(1)(b).

[2] On November 15, 2013, the trial court ordered Appellants to file a concise statement of errors complained of on appeal ("concise statement"). **See**
(Footnote Continued Next Page)

J-A19028-14

Appellants present one issue for our review:

Whether it constituted an error of law and/or abuse of discretion for the trial court to not grant [Appellants'] new trial motion . . . ?

Appellant's Brief at 2.

Appellants contend that the verdict was against the weight of the evidence. As judgment was entered pursuant to Pennsylvania Rule of Civil Procedure 227.4, our standard of review is *de novo* and our scope of review is plenary. **See Hartner v. Home Depot USA, Inc.**, 836 A.2d 924, 930 (Pa. Super. 2003), *appeal denied*, 858 A.2d 110 (Pa. 2004) (citations omitted). "A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice; a mere conflict in testimony will not suffice as grounds for a new trial." **Joseph v. Scranton Times, L.P.**, 89 A.3d 251, 274 (Pa. Super. 2014) (internal alteration and citation omitted).

In this case, the verdict was not so contrary to the evidence to shock our sense of justice. We find persuasive the decision made by a member of this panel, while a member of the trial bench, in **Younkin v. Pittsburgh Sea Foods, Inc.**, 2009 Pa. Dist. & Cnty. Dec. LEXIS 206 (C.C.P. Allegheny July 7, 2009), *affirmed*, 13 A.3d 997 (Pa. Super. 2010) (unpublished

*(Footnote Continued)* ———————————

Pa.R.A.P. 1925(b). On November 20, 2013, Appellants filed their concise statement. On January 21, 2014, the trial court issued its Rule 1925(a) opinion. Appellants' lone issue on appeal was included in their concise statement.

- 3 -

memorandum). In *Younkin*, the defendant was traveling along Route 711. *Id.* at *2. The defendant brought his vehicle to a stop to make a left turn onto a perpendicular street. *Id.* There was nothing blocking the defendant's view of oncoming traffic. *Id.* at *3. The defendant began to make the left turn and collided with the plaintiff's vehicle, which had been traveling in the opposite direction on Route 711. *Id.* at *2.

The trial court charged the jury on negligence *per se*. *Id.* at *4. Specifically, the jury was instructed that it should find the defendant negligent if it concluded that he had violated 75 Pa.C.S.A. § 3322. *Younkin*, 2009 Pa. Dist. & Cnty. Dec. LEXIS 206 at *4. The jury determined that the defendant was not negligent, and the plaintiff filed a post-trial motion arguing that the verdict was against the weight of the evidence. *Id.* In *Younkin*, the trial court denied the plaintiff's motion for a new trial because, *inter alia*, the defendant testified that he did not see any oncoming traffic prior to beginning his left turn. *Id.* at *7-8. The trial court concluded that this testimony, if believed by the factfinder, was sufficient for the jury to conclude that the defendant had not acted negligently.

The fact pattern in the case *sub judice* is similar. Lisien stopped at the intersection prior to beginning her left turn. Although there was an SUV in the left lane of eastbound Forbes Avenue, Lisien testified that she had a sufficiently clear view of the right hand lane of eastbound Forbes Avenue to recognize that she needed to wait, as vehicles were passing the SUV. *See*

N.T., 11/30/12, at 118-119. She testified that she was "looking for vehicles behind [the SUV,] in front of it, off to the side, looking for any signs of motion." *Id.* at 119. She re-iterated that she was "looking, mak[ing] sure [she] ha[d] a space to go, but primarily looking behind the SUV [] and in front of it off to the side, looking to check that [she] had a clear path to turn." *Id.* at 120. Lisien also testified that she continued to look for vehicles while turning. *Id.* Finally, she testified that once she noticed Peter Greninger she chose to stop because she believed that was the best way to avoid a collision. *Id.*

Contrary to the averments made by Appellants in their brief and at oral argument, Lisien did not admit at trial that her actions were negligent. To the contrary, the import of the above evidence clearly shows that she testified that she was not negligent. The jury in this case was free to believe Lisien's testimony. If it credited her testimony that she continued to look for oncoming traffic in both eastbound lanes of Forbes Avenue prior to making her left turn onto Dallas Avenue, it could have reasonably determined that she did not violate 75 Pa.C.S.A. § 3322, and therefore was not *per se* negligent.

This is markedly different than the situation in **Pentarek v. Christy**, 854 A.2d 970 (Pa. Super. 2004), *vacated in part on other grounds*, 874 A.2d 1160 (Pa. 2005) (*per curiam*), the lone case cited by Appellants in support of their argument that the verdict was against the weight of the evidence. In

***Pentarek***, the jury found that the defendant was negligent and expert witnesses for both parties testified that the defendant's negligence caused the plaintiff's injuries. ***Id.*** at 972. However, the jury returned a verdict finding that the plaintiff's injuries were not caused by the defendant's actions. ***Id.*** We concluded that this verdict was against the weight of the evidence because at trial, witnesses for both parties agreed there was some causal relationship between the defendant's actions and the plaintiff's injuries. ***Id.*** As noted above, negligence was a hotly contested issue in this case and, therefore, ***Pentarek*** is not controlling.[3]

In sum, this is not a case in which witnesses for both parties agreed that Lisien was negligent and that her negligence harmed Peter Greninger. Instead, Appellants in this case ask us to overturn the credibility determinations made by the jury in this case, and find Lisien negligent, and therefore liable, as a matter of law. We refuse to do so. The verdict in this case is not so contrary to the weight of the evidence as to shock our sense of justice. Accordingly, we affirm.

Judgment affirmed.

---

[3] Appellants acknowledge our declaration in ***Pentarek*** that "a new trial should not be granted because of a mere conflict in testimony." Appellant's Brief at 12, *quoting* ***Pentarek***, 854 A.2d at 975.

J-A19028-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/22/2014</u>